

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ENTERED
03/12/2009

| | | |
|---|---|---|
| IN RE: | § | |
| MORGAN C. SMITH, JANET M. SMITH | § | CASE NO: 07-20614 |
| Debtor(s) | § | |
| | § | CHAPTER 12 |

## MEMORANDUM OPINION AND ORDER ON OBJECTION TO CLAIMED EXEMPTIONS

On this day came on for consideration the Objection to Claimed Exemptions filed by Winnsboro Equipment, Inc. ("Winnsboro") and the Objection to Debtors' Claim of Exemptions filed by the Trustee, Merle H. McGinnes (the "Trustee"). The Court, having heard the evidence and arguments of counsel, makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Debtors moved to Louisiana and purchased a home on January 7, 1991. Debtors lived in the Monroe, Louisiana home (the "Louisiana Home") continuously until March 20, 2007, when they sold it. During that entire time, Debtors claimed a Permanent Homestead Exemption for the Louisiana Home under the laws of the State of Louisiana. Debtors filed income tax returns as residents of Louisiana, and for all purposes behaved as citizens of the State of Louisiana.

On November 14, 1993, while Debtors were residents of Louisiana, Calvin Doyle Smith (Debtor Morgan Smith's father) conveyed 245 acres in San Patricio County, Texas (the "Texas Property") to Morgan Smith and his siblings in an undivided ownership.

Winnsboro sued Debtor Morgan Smith in the 5th Judicial District Court of Franklin Parish, Louisiana on a sworn account. Debtor Morgan Smith admitted in his

answer to Winnsboro's petition that "…he is a citizen and indent of Ouachita Parish, Monroe, Louisiana…" Winnsboro obtained a judgment on November 21, 2006. The judgment was filed in San Patricio County, Texas, with the District Clerk on January 25, 2007, and was abstracted on April 17, 2007. Debtors got notice of the judgment filing on January 30, 2007.

On June 19, 2007, Debtor Morgan Smith and his siblings partitioned the Texas Property evenly among themselves. The Partition Deed was filed of record on June 20, 2007. On that same date, Debtors claimed their 81.79 acres of the Texas Property as their homestead for property tax purposes.

On August 15, 2007, Winnsboro filed its Motion for Turnover Order in the 156th District Court of San Patricio County, Texas (the "Texas Court"). Debtors were served with the turnover order on October 18, 2007. A hearing was held in the Texas Court on November 16, 2007. At the hearing, Debtor Morgan Smith testified that he was not living on the Texas Property, but was living in a mobile home near or adjacent to the property and that he was planning to build a house on the Texas Property.

At the conclusion of the hearing, the Texas Court stated that "Turnover on the mineral interest, your request is granted; as to the real estate, your request [for turnover] is denied." Debtors filed their Chapter 12, bankruptcy petition on November 16, 2007, after the Texas Court hearing was concluded. Accordingly, no order was entered by the Texas Court and its ruling never became final.

## CONCLUSIONS OF LAW

Debtors claim the Texas Property as their exempt homestead. They selected the Texas exemptions when they filed their bankruptcy petition. Winnsboro and the Chapter

12 Trustee object to Debtor's claim of the Texas exemptions. Section 522(b)(3)(A) provides the framework for determining which State's exemption laws apply:

> (3) Property listed in this paragraph is—
>    (A) subject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place.

-- 11 U.S.C. §522(b)(3)

Debtors were domiciled in a mobile home near or adjacent to the Texas Property for 230 days prior to their bankruptcy filing. Until the partitioning on June 20, 2007, Debtors owned an undivided share in a larger tract of land. Debtors' domicile was not located within a single state for 730 days immediately preceding the date of their bankruptcy filing. Louisiana was the Debtors' domicile for 500 of the preceding 730 days. Louisiana was the Debtors' domicile for the 180 day period immediately preceding the 730 day period.

Once Debtors' availed themselves of bankruptcy protection, the Bankruptcy Code controls Debtors' claim of exemptions. The State District Court's oral ruling was not a final judgment and is not *res judicata* on the issue of homestead in bankruptcy.

The Court finds that the State law applicable to Debtors' homestead claim is the law of the State of Louisiana. Louisiana is an opt-out state. La.Rev.Stat. 13:3881B(1); *In re Brown*, 77 F.3d 480 (5th Cir. 1996). Accordingly, neither the homestead laws of the State of Texas, nor the Federal exemptions are applicable. *In re Camp*, 396 B.R. 194 (Bankr. W.D.Tex. 2008)(a case directly on point). Under Louisiana law, the homestead

exemption is limited to $25,000 in value of the homestead. La.Rev.Stat. 20:1A(2). Accordingly, the Court finds that the Objection to Exemptions should be granted in part and denied in part.

### CONCLUSION

For the reasons set for the above, the Court finds that Debtors are entitled to claim $25,000 of their Texas Property as exempt pursuant to the Louisiana homestead exemptions. The value of the Texas Property exceeding $25,000, is not exempt.

It is therefore ORDERED that the Objection to Claimed Exemptions filed by Winnsboro Equipment, Inc. and the Objection to Debtors' Claim of Exemptions filed by the Trustee, Merle H. McGinnes, are hereby GRANTED IN PART and DENIED IN PART.

It is further ORDERED that Debtors' homestead exemption is limited to the amount of $25,000.

Dated: 03/12/2009

_____
RICHARD S. SCHMIDT
United States Bankruptcy Court