

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ENTERED
08/26/2010

| | | |
|---|---|---|
| IN RE: | § | |
| MORGAN C. SMITH, JANET M. SMITH | § | CASE NO: 07-20614 |
| Debtor(s) | § | |
| | § | CHAPTER 12 |

## SUPPLEMENTAL MEMORANDUM OPINION ON OBJECTION TO CLAIMED EXEMPTIONS FOLLOWING REMAND BY DISTRICT COURT

Pursuant to the United States District Court's Order and Judgment to Remand, entered March 1, 2010, this Court conducted further hearing on June 14, 2010. The Court, having heard the arguments of counsel, and having reviewed the prior Memorandum Opinion and Order on Objection to Claimed Exemptions (the "Opinion"), finds that the Memorandum Opinion should be modified as follows.

In the Opinion, this Court found as follows: "The State District Court's oral ruling was not a final judgment and is not *res judicata* on the issue of homestead in bankruptcy." The United States District Court disagreed with the finding that the oral ruling was not a final judgment. Upon further review, this Court finds that it need not determine whether or not the State Court's oral ruling was a final judgment. Assuming, *arguendo*, that the State District Court's oral ruling was a final judgment, it has no bearing on whether the Debtor may claim the property exempt under bankruptcy law.

When Debtors filed their bankruptcy petition, they chose state exemption laws pursuant to 11 U.S.C. §522(b)(3). If Debtors met the residency requirements of the Bankruptcy Code under 11 U.S.C. §522(b)(3)(A), then their argument that the State District Court's oral ruling is a final judgment with *res judicata* effect might be viable. However, applying the test for exemptions under the Bankruptcy Code, Debtors did not reside in Texas and were not domiciled

in Texas for the 730 days immediately preceding the filing of their bankruptcy but instead were residents of and domiciled in the State of Louisiana for 500 of the 730 days preceding the filing of the bankruptcy. The Debtors are therefore not entitled to claim the Texas exemptions in bankruptcy court. This Court previously, and it believes correctly, applied the Bankruptcy Code and determined that the Debtors lived in the State of Louisiana for the 180 days immediately preceding the 730 days prior to filing of the petition and therefore applied the exemption laws of the State of Louisiana for purposes of determining the allowable exemptions in bankruptcy.

Accordingly, the Court finds that the State District Court's oral ruling has no effect on the Bankruptcy Code analysis of allowable exemptions under 11 U.S.C. §522(b)(3)(A). The Court therefore withdraws that portion of its prior Opinion with regard to whether the State Court's oral ruling was a final judgment. This Court must apply the Bankruptcy Code analysis to determine what exemptions the Debtors are entitled to claim and finds that Louisiana homestead law applies in this bankruptcy case.

SIGNED 08/26/2010.

Richard S. Schmidt
United States Bankruptcy Judge